IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **RENUKA MISRA,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**XECHEM INTERNATIONAL INC.,**<br><br>**Defendant.** | Civil Action No. 08-C-03231<br><br>Honorable James B. Moran |

**MOTION OF XECHEM INTERNATIONAL, INC. TO VACATE DEFAULT JUDGMENT, AS AMENDED, TO STAY SUPPLEMENTAL PROCEEDINGS, AND FOR OTHER RELIEF**

Now comes XECHEM INTERNATIONAL, INC. ("Xechem"), by its attorney, Kenneth A. Henry, and, pursuant to FED.R.CIV.P. 55(c) and FED.R.CIV.P. 60(b), prays for the entry of an order vacating the Default Judgment, as Amended, and to stay the supplemental proceedings subject to the further order of this Court, including the return of the citations heretofore issued by this Court on or about June 5, 2008 to Mitchell D. Goldsmith and Cezar M. Froelich, as representatives of Xechem International, Inc., and Shefsky & Froelich Ltd., and the return of the citation issued by this Court on or about June 20, 2008 to Kenneth A. Henry, respectively. In support thereof, Xechem states as follows:

1. On information and belief, on or about February 4, 2008 Plaintiff, Renuka Misra, initiated a lawsuit against Xechem in the United States District Court for the District of Maryland, Baltimore Division, Civil Action Number AMD 08 CV 307. Subsequently, on or about March 31, 2008, a judgment by default pursuant to FED.R.CIV.P. 55(b)(2) was entered against Xechem, a copy of which is attached hereto and made a part hereof as Exhibit A. This judgment was amended on or about May 7, 2008 (the "Judgment"), a copy of which is attached hereto and made a part hereof as Exhibit B. On or about June 4, 2008, Plaintiff initiated the instant action seeking the registration of the Judgment in this District. Plaintiff now seeks to enforce the Judgment through supplemental proceedings in this District.

2. Xechem raises in this Motion for the first time the issues of lack of jurisdiction over it pursuant to FED.R.CIV.P. Rule 12(b)(2), 55(c) and 60(b), improper venue and

insufficiency of process. Xechem represents to the Court that there has been no waiver of any defense by Xechem pursuant to FED.R.CIV.P. 12(g) and (h).

3. As revealed in the Affidavits of Leonard Mudry and Steve Burg (copies of which are attached hereto and made part hereof as Exhibits C and D, respectively), Leonard Mudry had no authority to accept service on behalf of Xechem in New Jersey or anywhere else pursuant to FED.R.CIV.P. 4 because Mudry was not the agent for service of process on Xechem nor was he an officer, managing agent or a general agent under either Rule 4 (h) or any other basis.

4. Plaintiff could easily have determined here that Mudry lacked the required capacity. As established by the one of the citations at issue herein served by Plaintiff on the registered agent for Xechem, Plaintiff was able to easily secure information about the corporate structure of Xechem and its agents as to who was authorized to receive service, etc.

5. Accordingly, as evidenced by the facts set forth in the attached Affidavits of Leonard Mudry and Stephen Burg, the United States District Court for the District of Maryland lacked personal jurisdiction over Xechem and therefore the Judgment is a nullity.

6. The diversity jurisdiction for the United States District Court in the District of Maryland is also lacking. As stated above, that Court, pursuant to FED.R.CIV.P. 12(b)(2), lacks jurisdiction over Xechem for the reasons stated below:

    (a) The District Court for Maryland had no personal service of process within that state's borders and no other basis to assert *in personam* jurisdiction over the non-resident Xechem, a Delaware corporation, under any long arm statute.

    (b) The attached Affidavits of Mudry and Burg establish that the quality and nature of the contacts within Maryland were neither continuous, systematic, or met the constitutional requirements to establish long arm jurisdiction.

7. This Court is authorized, pursuant to FED.R.CIV.P. 55(c) and in accordance with Rule 60(b), to set aside a judgment entered by default and to relieve Xechem from that Judgment for the following reasons:

    (a) The Judgment is void because the Maryland court never had jurisdiction over Xechem. Plaintiff never properly served process upon any authorized recipient thereof, and never secured jurisdiction over Xechem.

    (b) No prejudice will result to Plaintiff in this cause if said default judgment is vacated. No discovery has taken place and no other evidence has been secured.

(c)   Xechem has a meritorious defense in that the transactions claimed were never achieved and Plaintiff has established no rights thereunder.

(d)   Xechem was neither willful nor egregiously negligent. The lack of attention to this matter was not willful and there was no attempt, nor has it ever been claimed that there was an attempt to thwart judicial proceedings or a reckless disregard for the conduct of those proceedings.

(e)   Xechem has been timely in presenting this Motion in good faith to vacate the Judgment.

(f)   "FED.R.CIV.P. 60(b)(4) authorizes the District Court to grant relief from void judgments; relief from void judgments is not discretionary." *Chambers v. Armontrout,* 16 F.3d 257, 280 (8th Cir 1994). Specifically,

> if a defendant is improperly served, a federal court lacks jurisdiction over the defendant . . .

*Printed Media Services v. Solna Web Inc.,* 11 F.3d 838, 843 (8th Cir 1993). A default judgment obtained in the absence of personal jurisdiction is void and must be vacated.

8.   There is no estoppel to assert insufficiency of service, even if Xechem received actual notice of the lawsuit. As set forth in *Printed Media, supra,* once the insufficiency of service is established, this Court need not consider any other argument as to whether or not vacation of the default judgment is a matter of discretion. The Court is obligated simply to vacate the default judgment as void.

9.   This Court has full jurisdiction to consider and rule on this Motion to vacate the Judgment referenced in the instant Citation proceedings. This is because the Maryland court never had personal jurisdiction over Xechem in the first place. As a result, there is no reason for this Court to give full faith and credit to the default judgment entered against Xechem.

10.   If the Court stays the supplemental proceedings and the return of said citations until it has ruled upon Xechem's motion to vacate the Judgment, it is not believed that there will be any injury to Plaintiff. The stay will cause the conservation of precious judicial resources in determining whether or not there is any valid judgment to be enforced pursuant to the citation process.

11.   Xechem will, by its motion, establish that the U.S. District Court for the District of Maryland was without jurisdiction to enter the default judgment and that the Judgment on

which the subject citations are based is a void judgment, having been entered by a court that failed to have jurisdiction over the parties.

12. While FED.R.CIV.P. 55(c) provides that the Court <u>may</u> set aside a default judgment (according to Rule 60(b)), it has been held, however, that FED.R.CIV.P. 60(b) requires that the court may relieve a party or its legal representative from a final judgment, order, or proceeding. . . or for any reason justify relief from the operation of the Judgment. FED.R.CIV.P. Rule 60(b)(3) and (6). <u>When the court finds however that the default judgment in question is void for insufficient service, then the Court must grant the relief and void judgment</u>.

In *Chambers, supra*, 16 F.3d at 260, the court said:

> Fed.R.Civ.P. 60(b)(4) authorizes the district court to grant relief from void judgments; relief from void judgments is not discretionary. See 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure Sec. 2862, at 197 (1973)

WHEREFORE, cause having been shown, Xechem prays that the default judgment dated on or about March 31, 2008, as amended on or about May 7, 2008, entered against it in the United States District Court for the District of Maryland, be vacated and held for naught and that this cause be dismissed. Xechem further prays for the entry of an order staying the supplemental proceedings until such time as the Court has had an opportunity to address the issues raised herein; and for such other, further and different relief as the Court may deem just in the circumstances.

July 7, 2008                                                                                     Respectfully submitted,

                                                                                                 XECHEM INTERNATIONAL, INC. a
                                                                                                 Delaware corporation, Defendant

                                                                                 By:  /s/ Kenneth A. Henry
                                                                                                 Kenneth A. Henry, its attorney

Kenneth A. Henry, Esq. (ARDC # 1193457)
One North LaSalle Street, Suite 2200
Chicago, IL 60602-3912
Tel: 312.857.0100/Fax: 312.857.0100
khenry@kahlaw.com

Case 1:08-cv-03231   Document 11-2   Filed 07/07/2008   Page 1 of 2
Case 1:08-cv-     1   Document 1   Filed 06/04/2.     Page 2 of 4
Case 1:08-cv-00307-AMD   Document 13   Filed 03/31/2008   Page 1 of 2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| RENUKA MISRA<br><br>　　　　Plaintiff,<br><br>　v.<br><br>XECHEM INTERNATIONAL, INC.,<br><br>　　　　Defendant. | Civil Action No.: AMD 08 CV 307<br><br>JUDGMENT |

Upon consideration of Plaintiff Renuka Misra's ("Misra") Application for Default Judgment against Defendant Xechem International, Inc. ("Xechem"), the supporting affidavits filed therewith, the evidence presented at the March 31, 2007 hearing before this Court, and pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** and **ADJUDGED** that judgment is entered in favor of Misra and against Xechem in the principal amount of $1,000,000.00; and it is further

**ORDERED** and **ADJUDGED** that post-judgment interest on $491,145.57 of the judgment, which represents the outstanding principal and interest owed by Xechem to Misra pursuant to the Promissory Notes, shall accrue at the rate of 15% per annum beginning March 31, 2008; and it is further

**ORDERED** and **ADJUDGED** that post-judgment interest on the remaining $508,854.43 of the judgment shall accrue at the rate of 1.56% per annum pursuant to 28 U.S.C.A. § 1961(a) beginning March 31, 2008; and it is further

**ORDERED** and **ADJUDGED** that Misra shall be entitled to her attorney's fees and costs incurred in connection with her claim pursuant to Md. Code Ann., Labor and Employment § 3-507.1(b); and it is further

Case 1:08-cv-03231   Document 11-2   Filed 07/07/2008   Page 2 of 2
Case 1:08-cv-\ 1   Document 1   Filed 06/04/2\   Page 3 of 4
Case 1:08-cv-00307-AMD   Document 13   Filed 03/31/2008   Page 2 of 2

ORDERED that counsel to Misra shall submit an affidavit summarizing the attorney's fees and costs incurred by Misra in connection with her claim pursuant to Md. Code Ann., Labor and Employment § 3-507.1(b).

SO ORDERED:

___/s/_____
The Honorable Andre M. Davis

I hereby attest and certify on 5/16/08 that the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody
FELICIA C. CANNON
CLERK, U. S. DISTRICT COURT
DISTRICT OF MARYLAND

By_____Deputy

2

Case 1:08-cv-03231   Document 11-3   Filed 07/07/2008   Page 1 of 1
Case 1:08-cv-      1   Document 1   Filed 06/04/2    Page 4 of 4
Case 1:08-cv-00307-AMD   Document 18   Filed 05/07/2008   Page 1 of 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RENUKA MISRA,  :
    Plaintiff  :
  :
v.  :    Civil No. AMD 08-307
  :
XCHEM INTERNATIONAL, INC.,  :
    Defendant  :
    ...oOo...

AMENDED JUDGMENT
Correction of Clerical Mistake

IT IS HEREBY ORDERED this 7th day of May, 2008,

1. That on page 1 of 2 of the Judgment filed herein on March 31, 2008, the "Date of Judgment" is amended to read "March 31, 2008," as reflected in the docket entry;

2. That the Judgment Order otherwise remains in effect; and

3. That the Clerk shall transmit copies of this order to all parties.

      /s/
    ANDRE M. DAVIS
    United States District Judge

5/16/08

FELICIA C. CANNON
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND

By _____ Deputy

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RENUKA MISRA,<br><br>Plaintiff,<br><br>vs.<br><br>XECHEM INTERNATIONAL INC.,<br><br>Defendant. | Docket No. 08-CV-03231<br><br>Honorable James B. Moran |

### AFFIDAVIT OF LEONARD MUDRY

Leonard Mudry being first duly sworn upon his oath deposes and says:

1. My name is Leonard Mudry. I live at 5 Goodale Circle, New Brunswick, New Jersey, 08901.

2. Since the year 2000, I have not been an officer or agent authorized to receive process or summons on behalf of Xechem International, Inc, a Delaware corporation.

3. From time to time I performed individual contracts for the benefit of Xechem International, Inc.

4. I was never authorized to receive any summons or other process served on behalf of Renuka Misra or any other person.

5. I am not now and have never been the registered agent of Xechem international, Inc.

6. No valid service of process or summons was ever served upon me in the case now pending in the U.S. District Court for the District of Maryland (Baltimore Division) entitled *Renuka Misra v. Xechem International Corporation*, Civil Action No: AMD-08-CV-307.

Further Affiant sayeth not.

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Dated: June 15, 2008                                          LEONARD MUDRY

                                                              _____

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

RENUKA MISRA,

Plaintiff,

vs.

XECHEM INTERNATIONAL INC.,

Defendant.

Docket No. 08-CV-03231

Honorable James B. Moran

**AFFIDAVIT OF STEPHEN BURG IN SUPPORT OF MOTION TO VACATE DEFAULT JUDGMENT AND TO DISMISS CITATION PROCEEDINGS AND FOR OTHER RELIEF**

STEPHEN BURG being first duly sworn upon his oath deposes and says:

1. I am a resident of the State of California and the Corporate Secretary of Defendant, Xechem International, Inc. I make this certification, based upon my personal knowledge and review of relevant documents, in support of the Motion of Defendant, Xechem International, Inc. to quash service in this matter and for dismissal of Plaintiff, Renuka Misra's ("Plaintiff") Complaint.

2. Xechem International, Inc., a Delaware corporation, hereinafter referred to as "Xechem International" has no offices in the State of Maryland.

3. Xechem International has no bank accounts or other property in the State of Maryland.

4. Xechem International has never had a telephone listing in the State of Maryland.

5. Xechem International has never had any public relations in the State of Maryland.

6. Xechem International has no employees or other persons employed by Xechem International located in the State of Maryland.

7.  Xechem International has not had a continuous or systematic business within the State of Maryland.

8.  Xechem International was never served with a copy of a summons and complaint in this cause while physically present in the State of Maryland.

9.  Xechem International has not breached any fiduciary duty within the State of Maryland.

10. Leonard Mudry has never been authorized to accept service of process on behalf of Xechem International, Inc. He is not a vice president of finance of the company or an employee of the company. A copy of the purported proof of service to Leonard Mudry is attached and incorporated herein.

11. I certify under penalty of perjury that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Further Affiant sayeth not.

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Dated: June 13, 2008                    STEPHEN BURG

                                        *Stephen Burg* (signature)

1086829_1