IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **RENUKA MISRA,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**XECHEM INTERNATIONAL INC.,**<br><br>**Defendant.** | Civil Action No. 08-CV-03231<br><br>Honorable James B. Moran |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF XECHEM
INTERNATIONAL, INC. TO VACATE DEFAULT JUDGMENT**

**PRELIMINARY STATEMENT**

Plaintiff, Renuka Misra ("Plaintiff" and/or "Misra") filed a Complaint in this matter on or about February 4, 2008, in the United States District Court for the District of Maryland.

As reflected in the proof of service filed by Plaintiff, service was allegedly made by delivery of the summons and Complaint to an individual identified by Plaintiff as an authorized agent for service of process, at the offices of Xechem International, Inc. ("Xechem") in New Jersey. (The Return of Service filed by plaintiff on or about March 12, 2008, concerning service on Xechem is attached to the Affidavit of Leonard Mudry.) That individual, Leonard Mudry, was at the time in question an outside consultant to Xechem, not an employee. He was not an officer, director, or authorized agent. (*See* Affidavit of Leonard Mudry). He was present at Xechem's New Jersey premises at the time of the claimed service of process in New Jersey.

Accordingly, there has not been effective service upon Xechem, either under the Federal Rules of Civil Procedure or the incorporated New Jersey Rules of Court concerning service of process. By the within Motion, Xechem seeks for the first time to quash the service of process, the vacation of the judgment entered by default, and for dismissal of the action pursuant to FED. R. CIV. P. 12(b)(2), 12(b)(5), 60(b)(4) and 55.

Plaintiff will not be prejudiced by setting aside the default judgment. The case has been pending since February of 2008, with no application for emergency or preliminary relief.[1]

**STATEMENT OF FACTS**

The Affidavits of Stephen Burg and Leonard Mudry that were attached to the Motion establish these facts:

1. Xechem International, Inc., a Delaware corporation, hereinafter referred to as "Xechem International" has no offices in the State of Maryland.

2. Xechem International has no bank accounts or other property in the State of Maryland.

3. Xechem International has never had a telephone listing in the State of Maryland.

4. Xechem International has never had any public relations in the State of Maryland.

5. Xechem International has no employees or other persons employed by Xechem International located in the State of Maryland.

6. Xechem International has not had a continuous or systematic business within the State of Maryland.

7. Xechem International was never served with a copy of a summons and complaint in this cause while physically present in the State of Maryland.

8. Xechem International has not breached any fiduciary duty within the State of Maryland.

9. There was no valid or effective service of process on Xechem in New Jersey.

10. Xechem International, Inc. did not do business in Maryland.

**THIS COURT HAS FULL JURISDICTION PURSUANT TO FED. R. CIV. P. 60 AND FED. R. CIV. P. 55, TO RULE THAT THE DEFAULT JUDGMENT IS REQUIRED TO BE VACATED AND TO SET IT ASIDE "BECAUSE THE JUDGMENT IS VOID"**

Ordinarily, the plaintiff has the burden, in accordance with the Federal Rules of Civil Procedure, to establish the jurisdiction of the court. Traditionally, the jurisdictional predicates are

---

[1] Xechem has various meritorious defenses to the allegations of the Complaint, and should be allowed to establish those defenses. Specifically, Xechem intends to show, *inter alia*, that (1) the employment agreement between Plaintiff and Xechem was terminated by Xechem for cause and as such, Plaintiff is not entitled to the relief sought in the Complaint, and (2) Plaintiff failed to properly exercise certain stock options within the parameters of the appropriate agreements.

challenged pursuant to a FED. R. CIV. P. 12(b) motion, the general burden of pleading jurisdictional facts is upon the plaintiff.

Certain courts have held, consistent with the allocation of the burden of proof under Rule 12(b) to a motion to dismiss thereunder, that the plaintiff as the party asserting the existence of jurisdiction should shoulder the burden of proving such jurisdiction in response to a Rule 60(b)(4) motion.

In the case here, it would make little difference because the Defendant, Xechem International, Inc., has, by the filing of the Affidavits attached to its Motion, established the non-existence of the trial court's jurisdiction at the time the default judgment was entered.

The Plaintiff has registered the default judgment entered by the court in the District of Maryland with the Clerk of this Court for the Northern District of Illinois. This was done pursuant to 28 U.S.C.A. § 1963, which provides that judgments entered in District Courts that have become final may be registered in any other District by the filing of a certified copy of the judgment in such other District. After the copy is filed, the judgment has the same effect as if it had been entered by the registering court. (28 U.S.C.A. §1963.) Thus, once registered in such District, it can be executed upon in that District as is the case here.

The Northern District of Illinois now has a Judgment that is like any other judgment enrolled upon its books.

A motion to vacate that Judgment can be raised for the very first time in the registering court. In *Covington Industries v. Resintex A.G.*, 629 F.2d 730 (2nd Cir. 1980), where the judgment creditor sought to execute upon the Judgment, the court recognized that there was existing precedent to support the proposition that Rule 60(b)(4) can be invoked in the registration court to obtain relief from a foreign default judgment attacked for lack of personal jurisdiction.

That is precisely the procedure now being employed by the Defendant Xechem International, Inc.

In *Donnelly v. Copeland Intra Lenses, Inc.*, 87 FRD 80 (EDNY 1980), a District Court in Minnesota had entered a default judgment in favor of a third party plaintiff against a third party defendant following settlement of the main diversity action.

The third party plaintiff registered the default judgment in the Eastern District of New York and subsequently brought an action against the third party defendant.

The court granted the third party defendant's motion to vacate under Rule 60(b)(4), holding that the burden of establishing lack of *in personam* jurisdiction due to insufficient contacts with the forum state was on the non-moving third party plaintiff, although acknowledging that the burden is usually on the movant on a Rule 60(b) motion.

The court reasoned that, given the circumstances of the case, the burden of proof was more properly allocated to the non-moving third party plaintiff.

The Court of Appeals for the Second Circuit, in *Covington Industries v. Resintex A.G.*, 629 F.2d 730 (2nd Cir. 1980) found that the U.S. District Court for the Northern District of Georgia had entered a judgment on default of appearance against the appellees.

The appellant sought enforcement by subsequently registering that judgment in the U.S. District Court for the Eastern District of New York. The defendants claimed that the Georgia court never obtained *in personam* jurisdiction over them. They moved under Rule 60(b) for the New York court to vacate and set aside the default judgment.

The trial court determined that it had jurisdiction to grant the motion to vacate the judgment of a sister court.

The New York court held that the Georgia court lacked *in personam* jurisdiction over the appellees and that the judgment was therefore void.

The Second Circuit stated:

> We conclude that the court below did not err either in granting relief from the judgment of a foreign court of coordinate jurisdiction or in measuring the reach of Georgia's long-arm statute, and consequently, we affirm.
>
> * * *
>
> A judgment entered against parties not subject to the personal jurisdiction of the rendering court is a nullity. When, in an enforcement proceeding, the validity of the judgment is questioned on this ground, the enforcing court has the inherent power to void the judgment, whether the judgment was issued by a tribunal within the enforcing court's domain or by a court of a foreign jurisdiction, unless inquiry into the matter is barred by the principles of *res judicata*. *Baldwin v. Iowa State Traveling Men's Assoc.*, 283 U.S. 522, 525, 51 S.Ct. 517, 518, 75 L.Ed. 1244 (1931). While the original court's jurisdiction is presumptively valid, if the issue of jurisdiction has not previously been litigated it may be raised in the enforcing court. *Adam v. Saenger*, 303 U.S. 59, 62, 58 S.Ct. 454, 456, 82 L.Ed. 649 (1938).

The Court of Appeals for the Fifth Circuit in *Harper MacCleod Solicitors v. Keaty & Keaty*, 260 F.3d 389 (5th Cir. 2001), stated the law:

> Federal courts generally disfavor default judgments, preferring to resolve disputes according to their merits. *Lindsey v. Prive Corp.*, 161 F.3d 886, 892 (5th Cir. 1998); *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 403 (5th Cir. 1981) (noting that Rule 60(b) should be "applied most liberally to judgments in default.") This circuit has held that a district court must set aside a default judgment as void if it determines that it lacked personal jurisdiction over the defendant because of defective service of process. *See, e.g., Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 649 (5th Cir. 1988). In this case, we are presented with defendants that suffered a default judgment in one federal district court, then challenged that judgment as void for lack of jurisdiction in the district court of registration. It is well established that defendants need not appear in a federal court without authority to exercise personal jurisdiction over them to raise a jurisdictional defect. Defendants are "always free to ignore . . . judicial proceedings, risk a default judgment, then challenge that judgment on jurisdictional grounds in a collateral proceeding." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706, 102 S.Ct. 2099, 2106 (1982); *Broadcast Music, Inc. v. M.T.S. Enterprises, Inc,* 811 F.2d 278, 281 (5th Cir. 1987).

\* \* \*

> I. A Registering Court May Rely on Rule 60(b)(4) to Entertain Jurisdictional Challenges to the Validity of a Default Judgment Issued By Another District Court. . .

**THE MARYLAND COURT DID NOT HAVE JURISDICTION OVER XECHEM INTERNATIONAL, INC.**

Maryland's long arm statute authorizes the exercise of jurisdiction "on any basis not inconsistent with the Constitution of this State or the United States."

From the record in this proceeding, the focus of the association with Maryland is basically limited to the place where the Plaintiff and her counsel maintain their office. No part of the dispute with Xechem International touches or has any relationship to the State of Maryland.

In *Kulko v. Superior Court of California*, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978), the court said[2]:

---

[2] The lengthy excerpt from the Supreme Court's Opinion was used because it so clearly summarizes the applicable law.

The Due Process Clause of the Fourteenth Amendment operates as a limitation on the jurisdiction of state courts to enter judgments affecting rights or interests of nonresident defendants. *See Shaffer v. Heitner*, 433 U.S. 186, 198-200, 97 S.Ct. 2569, 2577, 53 L.Ed.2d 683 (1977). It has long been the rule that a valid judgment imposing a personal obligation or duty in favor of the plaintiff may be entered only by a court having jurisdiction over the person of the defendant. *Pennoyer v. Neff*, 95 U.S. 714, 732-733, 24 L.Ed. 565, 572 (1878); *International Shoe Co. v. Washington*, 326 U.S., at 316, 66 S.Ct., at 158. The existence of personal jurisdiction, in turn, depends upon the presence of reasonable notice to the defendant that an action has been brought. *Mullane v. Central Hanover Trust Co.*, 339 U.S. 306, 313-314, 70 S.Ct. 652, 656-657, 94 L.Ed. 865 (1950), and a sufficient connection between the defendant and the forum State to make it fair to require defense of the action in the forum. *Milliken v. Meyer*, 311 U.S. 457, 463-464, 61 S.Ct. 339, 342-343, 85 L.Ed. 278 (1940). In this case, appellant does not dispute the adequacy of the notice that he received, but contends that his connection with the State of California is too attenuated, under the standards implicit in the Due Process Clause of the Constitution, to justify imposing upon him the burden and inconvenience of defense in California.

Page 92

     The parties are in agreement that the constitutional standard for determining whether the State may enter a binding judgment against appellant here is that set forth in this Court's opinion in *International Shoe Co. v. Washington, supra*: that a defendant "have certain minimum contacts with [the forum State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " 326 U.S., at 316, 66 S.Ct., at 158, *quoting Milliken v. Meyer, supra*, 311 U.S., at 463, 61 S.Ct., at 342. While the interests of the forum State and of the plaintiff in proceeding with the cause in the plaintiff's forum of choice are, of course, to be considered, *see McGee v. International Life Insurance Co.*, 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957), an essential criterion in all cases is whether the "quality and nature" of the defendant's activity is such that it is "reasonable" and "fair" to require him to conduct his defense in that *State. International Shoe Co. v. Washington, supra*, 326 U.S., at 316-317, 319, 66 S.Ct., at 158, 159. Accord, *Shaffer v. Heitner, supra*, 433 U.S., at 207-212, 97 S.Ct., at 2581-2584; *Perkins v. Benguet Mining Co.*, 342 U.S. 437, 445, 72 S.Ct. 413, 418, 96 L.Ed. 485 (1952).

     Like any standard that requires a determination of "reasonableness," the "minimum contacts" test of International Shoe is not susceptible of mechanical application; rather, the facts of each case must be weighed to determine whether the requisite "affiliating circumstances" are present. *Hanson v. Denckla*, 357 U.S. 235, 246, 78 S.Ct. 1228, 1235, 2 L.Ed.2d 1283 (1958). We recognize that this determination is one in which few answers will be written "in black and white. The greys are dominant and even among them the shades

are innumerable." *Estin v. Estin*, 334 U.S. 541, 545, 68 S.Ct. 1213, 1216, 92 L.Ed. 1561 (1948). But we believe that the California Supreme Court's application of the minimum-contacts test in this case represents an unwarranted extension of International Shoe and would, if sustained, sanction a result that is neither fair, just, nor reasonable.

**LONG ARM JURISDICTION IS LACKING AND THE PLAINTIFF HAS FAILED TO EFFECT PROPER SERVICE UPON XECHEM, THIS COURT SHOULD DISMISS THE COMPLAINT AND VACATE THE DEFAULT JUDGMENT PURSUANT TO FED. R. CIV. P. 12(b)(2), 12(b)(5), 55(c) AND 60(b)**

It is well settled that, even if long arm jurisdiction was available, a plaintiff must still effectuate proper service in order to receive an entry of default or default judgment. *Mettle v. First Union Nat'l Bank*, 279 F.Supp.2d 603 n. 3 (D.NJ.2003) (deeming entry of default void based on improper service). Moreover, a default judgment is void if the issuing court lacks personal jurisdiction over the allegedly defaulting defendant. *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir.1985); *D'Onofrio v. Il Mattino*, 430 F.Supp.2d 431, 437 (E.D.Pa.2006); *O'Donnell v. Shalayev*, No. 01-4721, 2004 WL 2958698, at *7 (D.N.J. Dec. 22, 2004). A court does not have personal jurisdiction in cases where service of process has not been properly made. *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-701 (3d Cir.1991) ("A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant. Effective service of process is therefore a prerequisite to proceeding in the case.").

Therefore, before analyzing whether the Complaint states a cause of action sufficient to warrant entry of default judgment, the Court must satisfy itself that service of process has properly been made on the defendant(s). See *D'Onofrio*, *supra*, 430 F.Supp.2d at 438; *Gold Kist, Inc.*, *supra*, 756 F.2d at 19 ("A default judgment entered when there has been no proper service of a complaint is, *a fortiori*, void, and should be set aside.").

Under both the Federal Rules of Civil Procedure and the New Jersey Rules of Court (which are incorporated, in part, by the pertinent Federal Rule), plaintiff has failed to effect proper service upon Xechem This Court should therefore quash service as to Xechem and dismiss the Complaint pursuant to FED. R. CIV. P. 12(b)(2), 12(b)(5), 55 and 60 for insufficiency of service of process.

A defendant may file a motion to dismiss the complaint under FED. R. CIV. P. 12(b)(2), 12(b)(5) for insufficiency of service of process. Rule 12(b)(2), 12(b)(5) states that "[e]very

defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the [movant] be made by motion: ... (5) insufficiency of service of process." "The party making the service has the burden of demonstrating its validity when an objection to service is made." *Petsinger v. Pa, Dep't of Transp.*, 211 F.Supp.2d 610, 611 (E.D.Pa.2002); *Grand Entm't Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488-89 (3d Cir.1993).

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service of summons must be satisfied." *Omni Capital Int'l v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). It is axiomatic that service of a summons must meet procedural requirements before a federal court can exercise personal jurisdiction over a defendant. *Khorozian v. McCullough*, 183 F.R.D. 325 (3d Cir.1999); *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 886 (8th Cir.1996) (finding that where defendant is improperly served, the district court lacks jurisdiction over defendant regardless of whether defendant had actual notice of lawsuit).

FED. R. CIV. P. 4(h), governing service of process on corporations, provides:

> (h) Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or
>
> (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Thus, FED. R. CIV. P. 4(h) provides two methods by which a defendant corporation may be served with a copy of the summons and complaint absent a valid waiver of service. One of the permissible methods of service under Rule 4(h) requires "delivering a copy of the summons and

of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or law to receive service of process." FED. R. CIV. P. 4(h)(1). The term "delivery" as used in the above-quoted language from Rule 4(h)(1) does not include service by mail. *Shomide v. ILC Dover LP*, No. 03-1019, 2006 WL 2042969, at *4 (D.Del. July 20, 2006) (finding that plaintiff's service by certified mail did not satisfy the requirements of Federal Rule 4(h)); *Spears v. Kroger Co.*, No. 05-2832, 2006 WL 2044986, at *2 (N.D.Ohio July 19, 2006) (noting that the term "delivery" in Federal Rule 4(h)(1) does not include service by mail); *Mettle v. First Union Nat'l Bank*, 279 F.Supp.2d 598 (D.N.J.2003) (finding that service by certified mail alone is insufficient to effectuate service in accordance with Federal Rule 4(h)).

In the instant matter, plaintiff did not deliver the Summons and Complaint to an officer or authorized agent of Xechem as permitted by FED. R. CIV. P. 4(h). The only purported service effected in this matter had been through delivery of papers to an individual named Leonard Mudry at Xechem International Corp., 379 Thornall Street West Tower, Edison, New Jersey 08817. The return of services by the process server indicates that Leonard Mudry was an "authorized agent" of Xechem.

Xechem did not authorize Leonard Mudry to accept service on the Corporation's behalf. (See Affidavits of Stephen Burg and Leonard Mudry). Leonard Mudry is a consultant who performs individual contracts for the benefit of Xechem and is not a registered agent and/or authorized agent or employee of Xechem. (*Ibid*). In fact, he was not a person authorized to receive service by Xechem.

Alternatively, FED. R. CIV. P. 4(h)(1) provides that service upon a corporation may be made "in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1)." FED. R. CIV. P. 4(h)(1). FED. R. CIV. P. 4(e)(1) states that service may be made "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State." In other words, service upon a corporation may be made in accordance with the New Jersey Rules of Court relating to service of process.

New Jersey Court Rule 4:4-4(a)(6) provides that personal jurisdiction can be obtained over a defendant corporation by:

> [S]erving a copy of the summons and complaint in the manner prescribed by paragraph (a)(1) of this rule on any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive

> service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof, or, if service cannot be made on any of those persons, then on a person at the principal place of business of the corporation in this State in charge thereof ...

[N.J. Ct. R. 4:4-4(a)(6)]

In *Mettle v. First Union Nat'l Bank*, 279 F.Supp.2d, 602-603 (D.NJ.2003) (the court noted that under New Jersey Court Rule 4:4-4(a)(6) service upon a domestic corporation generally requires personal service upon any of the individuals listed in New Jersey Court Rule 4:4-4(a)(6)). As addressed above, plaintiff did not deliver the Summons and Complaint to an officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of agent of Xechem as provided by New Jersey Court Rule 4:4-4(a)(6). (Affidavits of Mudry and Burg.)

It is only if the "officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation" are unable to be served then service may be made upon the person in charge of the principal place of business within the State as provided for in New Jersey Court Rule 4:4-4(a)(6). Plaintiff would first have to attest that service was first attempted upon an "authorized agent" but unsuccessful, which did not occur in the instant matter. Even if plaintiff had taken this step, the second method of service pursuant to New Jersey Court Rule 4:4-4(a)(6) is inapposite in the instant matter because Leonard Mudry is not in charge of the principal place of business of Xechem within the State of New Jersey. (See Affidavits of Stephen Burg and Leonard Mudry).

If all of the methods of service provided for in New Jersey Court Rule 4:4-4(a)(6) fail, New Jersey Court Rule 4:4-4(b) provides for substituted or constructive service in some situations. Subsection (b) states that "[i]f it appears by affidavit satisfying the requirements of R. 4:4-5(c)(2) that despite diligent effort and inquiry personal service cannot be made in accordance with paragraph (a) of this rule," then personal jurisdiction may be obtained over a corporation by mailing a copy of the summons and complaint "by registered or certified mail, return receipt requested, and simultaneously by ordinary mail to ... a registered agent for service, or to its principal place of business, or to its registered office." N.J. Ct. R. 4:4-4(b)(1),-(b)(1)(C).

In the instant matter, plaintiff relies exclusively on the rule permitting service upon a corporation by delivering the summons and complaint to an "authorized agent". N.J. Ct. R. 4:4-4(a)(6). Since Leonard Mudry was not an officer, director, trustee or managing or general agent,

or any other person authorized by appointment or by law to receive service of process on behalf of Xechem, service was invalid and, in this case, the entry of default would be void. *Rosa v. Araujo,* 260 N.J.Super. 458, 462 (App.Div.1992), certif. denied, 133 N.J. 434 (1993).

"[P]laintiff has the burden of showing that an alleged agent has specific authority, express or implied, for the receipt of process." *Zoning Bd. of Adjustment of Sparta v. Serv. Elec. Cable T.V. of N.J., Inc.*, 198 N.J.Super. 370, 377 (App.Div.1985) (citing *Local 617 v. Hudson Bergen Trucking Co.*, 182 N.J.Super. 16, 19-20 (App.Div.1981)); see *Richards v. N.Y. State Dep't of Corr. Servs.*, 572 F.Supp. 1168, 1173 (S.D.N.Y.1983). "[I]n the absence of circumstances which clearly show that [an agency agreement] was intended by the parties, authorization to accept service of process on behalf of a corporation ... would not be deemed to exist." *Zoning Bd. of Adjustment of Sparta, supra*, 198 N.J.Super. at 377 (quoting *Local 617*, supra, 182 N.J.Super. at 20). The mere acceptance of service by an employee, other than an officer, director, trustee or managing or general agent, does not establish that the employee was authorized to do so. *Local 617*, supra, 182 N.J.Super. at 20; *Lamont v. Haig*, 539 F.Supp. 552, 557 (D.C.S.D.1982); 2 Moore's Federal Practice ¶ 4.12 (2d ed.1982); 4A. Wright and Miller, Federal Practice and Procedure § 1097, 1101 (3d ed.2002).

The record fails to reveal evidence of personal service on any Xechem officer or agent, or the submission of any affidavit of diligent effort, as required for effective service under the New Jersey Rules of Court. N.J. Ct. R. 4:4-4(a)(6),(b)(1). Plaintiff has failed to meet the service requirements set forth in the New Jersey Rules of Court, and consequently, FED. R. CIV. P. 4(h). Leonard Mudry was not "authorized by appointment or by law" to accept service of process on behalf of Xechem. Under both the Federal Rules and the New Jersey Rules of Court, "an actual appointment for the specific purpose of receiving process is normally expected." *Gipson v. Bass River*, 82 F.R.D. 122, 125 (D.N.J. 1979).

Here, the unrebutted evidence clearly exhibits that Leonard Mudry was not authorized to accept service of process on behalf of Xechem. Therefore, Xechem has not been served with the Summons and Complaint in this case, and this Court should quash service and dismiss the Complaint pursuant to FED. R. CIV. P. 12(b)(2), 12(b)(5), 55 and 60(b)(4) for insufficiency of service of process and want of jurisdiction.

Judge Ginsburg, now Justice Ginsburg, in *Practical Concepts v. Bolivia*, 811 F.2d 1543, 258 U.S.App.D.C. 354 (D.C. Cir. 1987) said:

> Alternatively, the defendant may refrain from appearing, thereby exposing himself to the risk of a default judgment. When enforcement of the default judgment is attempted, however, he may assert his jurisdictional objection. If he prevails on the objection, the default judgment will be vacated. If he loses on the jurisdictional issue, on the other hand, his day in court is normally over; as a consequence of deferring the jurisdictional challenge, he ordinarily forfeits his right to defend on the merits. As set out in RESTATEMENT (SECOND) OF JUDGMENTS Sec. 65 comment b (1982): "When [a] person [named as a defendant] kn[o]w[s] about the action but perceive[s] that the court lack[s] territorial or subject matter jurisdiction, he is given a right to ignore the proceeding at his own risk but to suffer no detriment if his assessment proves correct." See *also Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706, 102 S.Ct. 2099, 2106, 72 L.Ed.2d 492 (1982) . . .

The District Judge had noted:

> . . . when a party attacks a judgment for voidness, there is no requirement that he show the existence of a meritorious defense, as he must under other clauses of the rule. Wright & Miller § 2862 at 197

Judge Ginsburg continued:

> On the other hand, where, as here, the defendant never appeared in the original suit and thus has not yet litigated the point, he is not excepted from the rule that a jurisdictional defect renders a judgment void. "A defendant is always free to ignore the judicial proceedings, risk a default judgment and then challenge that judgment on jurisdictional grounds in a collateral proceeding." *Insurance Corporation of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706, 102 S.Ct. 2099, 2106, 72 L.Ed.2d 492 (1982). See also *Baldwin v. Traveling Men's Association*, 283 U.S. 522, 525, 51 S.Ct. 517, 518, 75 L.Ed. 1244 (1931); *Maritime International Nominees Establishment v. Republic of Guinea*, 693 F.2d 1094, 1099 n. 9 (D.C.Cir.1982), *cert. denied*, 464 U.S. 815, 104 S.Ct. 71, 78 L.Ed.2d 84 (1983) (hereinafter "MINE"); *James & Hazard*, § 13.16 at 697; 59 A.L.R.Fed. 831 (1982).

> Accordingly, if this judgment suffers from a jurisdictional defect, it is void. . . . *Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 485 n. 5, 103 S.Ct. 1962, n. 5, 76 L.Ed.2d 81 (1982); MINE, 693 F.2d at 1099; 28 U.S.C. §§ 1330(a), (b) (1982).

## **CONCLUSION**

Federal courts disfavor defaults, and where a party moves to set aside a default, courts should decide doubtful cases in favor of the party moving to set aside a default entry "so that

cases may be decided on their merits." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194-95 (3d Cir.1984).

   The default judgment should be vacated, together with an award of costs and reasonable attorney's fees in favor of Xechem International, Inc. Xechem should have such other, further and different relief as the Court may deem just and proper.

July 23, 2008　　　　　　　　　　　　　　　　　Respectfully submitted,

                **XECHEM INTERNATIONAL, INC.**
                **a Delaware corporation, Defendant**

               By: /s/ Kenneth A. Henry
                 Kenneth A. Henry, its attorney

Kenneth A. Henry, Esq. (ARDC No. 1193457)
Attorney for Xechem
One North LaSalle, Suite 2200
Chicago, IL 60602-3912
Tel: 312.857.0100/Fax: 312.857.1157
khenry@kahlaw.com